UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TARRELL MOSLEY, | ) | |
| Plaintiff, | ) | 2:13-cv-01285-GMN-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| C/O ANDERSON, *et al.*, | ) | |
| Defendants. | ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Neither a filing fee nor an application to proceed *in forma pauperis* was submitted with the complaint. On July 22, 2013, the court issued an order requiring plaintiff to file an *in forma pauperis* application within thirty days. (ECF No. 2). The thirty-day period has now expired, and plaintiff has not filed an *in forma pauperis* application or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Pagtalunan v. Galaza,* 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order)*; Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Pagtalunan*, 291 F.3d at 643; *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The court's order requiring plaintiff to file an *in forma pauperis* application within thirty days expressly stated: "Plaintiff's failure to file an application to proceed *in forma pauperis* in compliance with this order may result in the dismissal of his lawsuit without prejudice." (ECF No. 2, at pp. 1-2). Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** based on plaintiff's failure to file an *in forma pauperis* application in compliance with this court's order of July 22, 2013.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 10th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge